*E-Filed 11/20/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOHN L. TREADWAY,

    Plaintiff,

    v.

CHERYL MALO-CLINES, et al.,

    Defendants.

No. C 12-4039 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*.

§ 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that defendants, employees of Pelican Bay, Corcoran, and Salinas Valley State Prison, violated his Eighth and Fourteenth Amendment rights. As these defendants acted at different times and in different locations, the claims must be raised in separate civil rights actions. Accordingly, the complaint is DISMISSED with leave to file an amended complaint within 30 days from the date of this order. In the amended complaint, plaintiff must choose which set of defendants (Pelican Bay **or** Corcoran **or** Salinas Valley) he wishes to pursue claims against.

Plaintiff is reminded that to state a claim that defendants provided constitutionally inadequate medical care, he must allege facts showing that defendants acted with deliberate indifference to his serious medical needs. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)

(equating standard with that of criminal recklessness). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* Consequently, in order for deliberate indifference to be established, there must exist both a purposeful act or failure to act on the part of the defendant and harm resulting therefrom. *See McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). In order to prevail on a claim of deliberate indifference to medical needs, a plaintiff must establish that the course of treatment the doctors chose was "medically unacceptable under the circumstances" and that they embarked on this course in "conscious disregard of an excessive risk to plaintiff's health." *See Toguchi v. Chung*, 391 F.3d 1051, 1058–60 (9th Cir. 2004). A claim of mere negligence related to medical problems, or a difference of opinion between a prisoner patient and a medical doctor, is not enough to make out a violation of the Eighth Amendment. *Id.*; *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

**As stated above, plaintiff shall file an amended complaint within 30 days from the date this order is filed.** The amended complaint must address all the deficiencies listed above, and include the caption and civil case number used in this order (12-4039 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the first amended complaint will be deemed waived. Plaintiff may *not* incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action for failure to prosecute.

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 20, 2012

RICHARD SEEBORG
United States District Judge